IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL MÉNDEZ-RODRÍGUEZ | CIVIL NO. 25-01000 (MAJ) |
| Plaintiff | |
| V.S. | CIVIL RIGHTS |
| FRANCISCO GONZÁLEZ-CRUZ | (Jury Trial is Requested) |
| Defendant | |

## MOTION TO REQUEST THE ENTRY OF DEFAULT AND FOR THE SETTING OF A JURY TRIAL ON DAMAGES

**TO THE HONORABLE COURT:**

COMES NOW plaintiff through the undersigned attorneys and very respectfully, **SETS FORTH** and **PRAYS**:

### I.      INTRODUCTION

On January 2, 2025, plaintiff filed the instant action for violations to his rights under the Fourth Amendment of the U.S. Constitution, on account of the excessive force used by defendant, González-Cruz, whom, while in his squad car hit plaintiff's motorcycle causing him to crash and sustain severe injuries (docket number 1).  Despite being personally served (docket number 4), defendant González-Cruz has not appeared to answer or otherwise plead the facts alleged in the complaint, within the time allotted for such purposes under Fed. R. Civ. P. 12(a)(1)(A).

For the foregoing reasons, plaintiff respectfully requests that default be entered against González-Cruz, that a partial judgment be entered on the matter of liability and that a jury trial be set on the issue of damages and that a jury be assembled to determine if defendant's

misconduct, which is now to be deemed as proven, generated any actionable damages and, if so, the dollar amount in which such damages ought to be compensated.

## II.    DISCUSSION

### A) THE ENTRY OF DEFAULT

It is a basic tenet of civil litigation that the proper service of process is the procedural vehicle through which the court acquires personal jurisdiction over a defendant.  Jardines Bacata, Ltd. v. Díaz-Márquez, 878 F.2d 1555, 1559 (1st Cir. 1989).  The record shows that co-defendant González-Cruz was served on February 28, 2025.  See Docket No. 4.  As of today, **27 days** have passed without the defendant having filed an appearance, an answer to the complaint or an extension to file its response to the complaint.

All personally-served defendants other than the United States and its officers must answer or otherwise plead against a complaint within **21 days** of service.  See Fed. R. Civ. P. 12(a)(1)(A).  This warning is printed on the summons form approved by the U.S, Judiciary and used by plaintiff in the instant case.  As previously mentioned, the 21-day deadline has elapsed, therefore under Fed. R. Civ. P. 55(a), default is the proper remedy for such conduct and must be entered as a matter of law.

### B) PARTIAL JUDGMENT AND DAMAGES HEARING

As stated in Metro. Life Ins. Co. v. Rivera, 204 F. Supp. 2d 273 (D.P.R. 2002), "[t]he default of a defendant constitutes an admission of all facts well-pleaded in the complaint".  Id. at 274 (citing supporting First Circuit case law).  The complaint filed in the instant case pleads sufficient facts from which it may be determined that defendant, González-Cruz, using his official squad car struck plaintiff while riding his motorcycle on Route 66 on 3 occasions.  On the third hit, plaintiff crashed, and serious injuries were sustained as a direct effect of González-Cruz use of excessive force.   The pleadings also sufficiently establish that damages ensued as a

proximate consequence of the conduct and that, in inflicting said damages, defendant showed gross disregard for plaintiff's rights and outright abusive behavior. Therefore, there is no impediment to the entry of partial judgment against the defendants on the issue of liability.

Furthermore, Fed. R. Civ. P. 55(b)(2) establishes that "[t]he court may conduct hearings or make referrals--**preserving any federal statutory right to a jury trial**--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) **determine the amount of damages**; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter" (emphasis added). In the instant case, the damages claimed such physical, emotional, pain and suffering require a pondered analysis and thus a damages hearing against defaulted defendant is properi. See e.g. KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 18-19 (1st Cir. 2003). Since plaintiff properly invoked his Seventh Amendment right to a jury trial, his damages claims should be decided by a jury of his peers. Accordingly, plaintiff respectfully requests that a jury be impaneled to determine the amount of damages for which he is to be compensated.

**WHEREFORE** it is respectfully requested from this Honorable Court that: 1) default be entered against defendant González-Cruz; 2) partial judgment be entered on the issue of causation; and 3) a jury be convened for a hearing on damages.

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record to their respective registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail[1].

In San Juan, Puerto Rico this 26th day of March 2025.

---

[1] We include a certificate of service because it is required by the Court's Local Rules but the fact is that no attorney or *pro se* parties have appeared in this case who are entitled to be served a copy of the foregoing, though ECF or otherwise.

RESPECTFULLY SUBMITTED,

**M.L. & R.E. LAW FIRM**
Cobian's Plaza, Suite 404
1607 Ponce De León Avenue
San Juan, Puerto Rico 00909
Tel (787) 999-2979

*S/Jorge Martínez-Luciano*
**JORGE MARTÍNEZ-LUCIANO**
USDC-PR Number 216312
e-mail: jorge@mlrelaw.com

*S/Emil Rodríguez-Escudero*
**EMIL RODRÍGUEZ-ESCUDERO**
USDC-PR Number 224312
e-mail: emil@mlrelaw.com

4