IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL MÉNDEZ-RODRÍGUEZ | CIVIL NO. 25-01000 (MAJ) |
| Plaintiff | |
| | CIVIL RIGHTS |
| V.S. | |
| FRANCISCO GONZÁLEZ-CRUZ | (Jury Trial is Requested) |
| Defendant | |

## VERIFIED MOTION TO REQUEST THE RECOVERY OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

TO THE HONORABLE COURT:

COMES NOW plaintiff, through the undersigned counsels and very respectfully SETS FORTH and PRAYS:

### I.    INTRODUCTION

On January 2, 2025, plaintiff filed the instant action against Puerto Rico Police Corps[1] Agent Francisco González-Cruz, seeking compensatory and punitive damages under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights by employing excessive force during a traffic intervention on January 5, 2024 (docket number 1).  As pled at paragraph 6.1 of the complaint, "Plaintiffs [sic] are [sic] entitled to reasonable attorney's fees under 42 U.S.C. § 1988".

On December 19, 2025, this Honorable Court issued an Opinion & Order (published at Méndez-Rodríguez v. González-Cruz, 2025 U.S. Dist. LEXIS 263140 (D.P.R. 2025)) and entered a default judgment in plaintiff's favor (dockets numbers 17 and 18).  After having achieved prevailing party status, plaintiff moved for an extension of time to file a bill of costs and an application for fees, which was granted (dockets numbers 19 and 20).  The foregoing application

---

[1] Renamed as "Bureau of the Puerto Rico Police" though legislation enacted in 2017.

is being filed well within the term granted by the Court.

## II.    DISCUSSION

A) ENTITLEMENT TO FEES

One of the most important remedies that enables federal courts to enforce compliance with individual rights is contained at 42 U.S.C. § 1988, which provides that judges presiding over such cases "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs". This serves the important purpose of promoting that competent private attorneys participate in the defense of the rights of individuals, many of whom do not have the resources to pay the prevailing market rate. Riverside v. Rivera, 477 U.S. 561, 576-577 (1986).

Contrary to attorney's fees practice under Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure, 32 P.R. Laws Ann. App. V, R. 4.1(d), an award of fees in favor of a prevailing plaintiff does not require a finding that the losing party proceeded with obstinacy or temerity, as it suffices with being a "prevailing party". This analysis is best summarized as follows:

> To prevail, a party must "'succeed on any significant issue in litigation which achieves some of the benefit [it] sought in bringing suit.'" Hensley, 461 U.S. at 433 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). A voluntary change in conduct due to the filing of the suit itself is not sufficient to confer prevailing party status. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 600-10, 149 L. Ed. 2d 855, 121 S. Ct. 1835 (2001) (rejecting the "catalyst theory" as a basis for prevailing party status); New Eng. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 29-30 (1st Cir. 2002). Rather, the benefit achieved must be a "judicially sanctioned change in the legal relationship between the parties." Buckhannon, 532 U.S. at 605.

Boston's Children First v. City of Boston, 395 F.3d 10, 14 (1st Cir. 2005)

Sometimes, prevailing party status is not as clear as one may wish, which is why the First Circuit has observed that "The term "prevailing party" is a 'legal term of art', and '[t]he concepts that shape th[at] term apply broadly to the entire universe of federal fee-shifting statutes'".

2

Suárez-Torres v. Panadería y Repostería España, Inc., 988 F.3d 542, 551 (1st Cir. 2021) (internal citation omitted).  This however is not a case in which the relief obtained was so "nominal", "*de minimis*" or otherwise devoid of judicial imprimatur as to make for a cognizable challenge to our prevailing party status, as plaintiff obtained a declaration that his federally protected rights were infringed, along with compensatory and punitive damages.  It is important to note that, despite the fact that § 1988(b) "is couched in permissive terminology, **awards in favor of prevailing civil rights plaintiffs are virtually obligatory**".  Gay Officers Action league v. Puerto Rico, 247 F.3d 288, 293 (1st Cir. 2001) (emphasis added).

As to what constitutes a "reasonable" fee award, it is hornbook law that "[u]nder 42 U.S.C. § 1988, the fee-shifting statute under which the Bogans were awarded fees for prevailing on their § 1983 claim, a trial court generally should employ the lodestar method to calculate fees".  Bogan v. City of Boston, 489 F.3d 417, 426 (1st Cir. 2007)[2].  This method essentially "involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure".  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).  Needless to say, "a district court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case" an may further "disallow time spent in litigating failed claims" and "adjust the lodestar itself, upwards or downwards, based on any of several different factors, including the results obtained and the time and labor actually required for the efficacious handling of the matter".  Id.

Because of the trial court's familiarity with the proceedings, appellate courts tend to be especially deferential to the reviewed court's lodestar calculations.  NuVasive, Inc. v. Day, 77 F.4th 23, 32 (1st Cir. 2023).

---

[2] The Court does have discretion to employ other equitable methods for assessing fees, although the lodestar model is used in almost all instances.  T-Peg, Inc. v. Vt. Timber Works, Inc., 669 F.3d 59, 63 (1st Cir. 2012).

We now provide the building blocks upon which this Honorable Court may perform the corresponding lodestar assessment of fees.

B) THE MARKET RATE

Only the undersigned attorneys intervened in the instant case on behalf of the plaintiff. Because the undersigned counsels were retained in a contingency basis, we are not able to provide contemporary monthly invoices for services rendered in this case.

It must be stressed that, in applying the lodestar method to a fee-shifting statute, such as § 1988, the attorney's hourly rate must be assessed on a "**market rate**" and **not on a "cost-based standard"**. Blum v. Stenson, 465 U.S. 886, 894-895 (1984) (emphasis added). In other words, whatever the prevailing plaintiff actually paid (if they paid anything at all) for legal services does not matter with the relevant query being centered on how much those services are worth in the relevant legal market (i.e., Puerto Rico).

This part of the process requires the attorneys to do something that the undersigned counsels are not particularly comfortable with: identifying the market value for "similar services by lawyers of reasonably comparable skill, experience, and reputation". Rodríguez-García v. Municipality of Caguas, 787 F. Supp.2d 135, 140 (D.P.R. 2011). We begin this process by attaching *curriculum vitae* for both attorneys, a summary of which will be included in the following paragraphs. We now state a brief summary of both counsel's relevant qualifications.

Attorney Jorge Martínez-Luciano holds a B.S. in Biology from the University of Puerto Rico, Mayagüez Campus and a J.D. from the Pontifical Catholic University's School of Law, both obtained with *cum laude* distinction. As an undergraduate, Martínez-Luciano worked in significant scientific research projects and approved 9 graduate-level courses towards a master's degree in biology. In law school, counsel was a member of the entity's law review publication,

4

"*Revista de Derecho Puertorriqueño*"[3].  Bar admissions include the Puerto Rico Supreme and lower courts (2000); the U.S. District Court for the District of Puerto Rico (2000); the U.S. Court of Appeals for the First Circuit (2001); and the U.S. Supreme Court (2005).  Martínez-Luciano has actively and very frequently appeared before all of the aforementioned courts.  His 25+ years of practice have been spent on intense, high-stakes civil litigation before both the local and federal *fora*, at both the trial court and appellate levels[4].  Besides appearing before the aforementioned courts, the undersigned has represented litigants, *pro hac vice*, before the Eastern and Northern Districts of New York.  While counsel has been engaged in many different types of litigation, the bulk of the most relevant cases (many generating reported opinions) deal with structural constitutional provisions, civil rights, employment law and election law.  A large chunk of Martínez-Luciano's practice has been devoted to the litigation of extraordinary writs (mandamus, injunction and the like), which requires the litigants to act in an expeditious fashion, with some cases in election season making the trip from the Court of First Instance to the Puerto Rico Supreme Court in less than one week.  The most relevant aspects of counsel's employment history are his almost 14 years (first as an employee and then as off-counsel) for the Law Offices of Pedro E. Ortiz Álvarez, his years as part of the P.R. Department of Justice's former Civil Rights Legal Task Force (a division of contractors assigned to handle complex civil rights litigation), where he was mentored by the now-departed (and sorely missed) Carlos Del Valle-Cruz, Esq.[5] and his years as founding partner of the undersigned law firm.  While employed by Ortiz Álvarez, counsel informally lectured at the Pontifical Catholic University's

---

[3] Mr. Martínez-Luciano has produced work that has been published in law review articles in Puerto Rico.  <u>See e.g.</u> <u>Procedimiento para Llenar Vacantes en la Asamblea Legislativa de Puerto Rico: Apuntes para Descifrar el Enigma</u>, 52 Rev. D.P. 99 (2012) (jointly published with Prof. Pedro E. Ortiz-Álvarez and Luis E. Meléndez-Cintrón, Esq.).

[4] In this sense, counsel has a significant number of bench and jury trials under his belt, as well as multiple appearances for oral argument before both the First Circuit and the Puerto Rico Supreme Court.

[5] Early in counsel's career, he performed a significant amount of notary work doing mortgage closings for Banco Bilbao Vizcaya Argentaria.  While this work requires its own particular set of skills, it is not as relevant to the instant fee application.

School of Law at times when the former was not able to attend his constitutional law courses. Later, Martínez-Luciano formally lectured in constitutional law at the Eugenio María De Hostos School of Law in Mayagüez and later in employment/labor law at the Mayagüez Campus of the Carlos Albizu University.  In addition to the aforementioned professional engagements, counsel has participated in multiple panels and other public/educational *fora* in which matters of constitutional importance were discussed.

In the past decades, Mr. Martínez-Luciano has been engaged in outcome determinative electoral litigation, as well as litigation involving other matters of public concern such as the powers of the Financial Oversight and Management Board created by the Puerto Rico Oversight, Management and Financial Stability Act of 2016 (hereinafter referred to as "PROMESA") and against LUMA Energy, LLC.  During the law firm's time as the main litigation attorneys for the Puerto Rico House of Representatives, the firm's federal appellate practice (which was already of significantly above average intensity) increased exponentially, with a large number of appearances before the First Circuit and the U.S. Supreme Court on behalf of said legislative body, either as a party or as *amicus*.  In terms of PROMESA litigation, prominent examples are Fin. Oversight & Mgmt. Bd. for P.R. v. Aurelius Inv., LLC, 590 U.S. 448 (2020); Fin. Oversight & Mgmt. Bd. for P.R. v. Centro de Periodismo Investigativo, Inc., 598 U.S. 339 (2023); Fin. Oversight & Mgmt. Bd. v. Hernández-Montañez (In re Fin. Oversight & Mgmt. Bd.), 77 F.4th 49 (1st Cir. 2023), rehearing denied with concurring opinion at 82 F.4th 57 (1st Cir. 2023); Hernandez-Montañez v. Fin. Oversight (In re Fin. Oversight), 58 F.4th 580 (1st Cir. 2023); Pierluisi v. Fin. Oversight & Mgmt. Bd. for P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.), 37 F.4th 746 (1st Cir. 2022), cert. denied at 143 S. Ct. 1070 (2023); Cruz v. Luma Energy, LLC (In re Fin. Oversight & Mgmt. Bd. for P.R.), 631 B.R. 607 (D.P.R. 2021) (obtaining remand of case to enforce legislative oversight prerogatives over major government contractor).  Also on behalf of

the House, we filed *amici* briefs in opposing broad presidential immunity in <u>Trump v. United States</u>, 603 U.S. 593 (2024) and defending state law regulation of federal elections in <u>Moore v. Harper</u>, 600 U.S. 1 (2023).

Attorney Emil Rodríguez-Escudero holds a B.A. in Business Administration and Information Management Systems from Villanova University and a J.D. from the Interamerican University's School of Law, the later obtained with *magna cum* laude marks.  Bar admissions include the Puerto Rico Supreme and lower courts (2006); the U.S. District Court for the District of Puerto Rico (2007); the U.S. Court of Appeals for the First Circuit (2007); and the U.S. Supreme Court (2010).  In his more of a decade in experience, counsel has actively participated in high-profile civil cases at both the local and federal levels, amassing significant experience representing public and private clients[6], many such cases have culminated in precedent-setting reported opinions.  He began his career as an associate of Law Offices of Pedro E. Ortiz Álvarez, quickly moving on to his current business venture with Attorney Jorge Martínez-Luciano.  Most of counsel's practice has been centered on commercial contracts, civil rights, constitutional structural matters, personal injury litigation and election law.

In fixing hourly rates for a lodestar computation, courts must bear in mind that "there is not a single reasonable rate for legal services but, rather, a range of reasonable rates." <u>Pérez-Sosa v. Garland</u>, 22 F.4th 312, 326 (1st Cir. 2022).  Consequently, this is a case-by-case exercise that draws from the full range of information put before the Cort and on the presiding judge's experience.

As far back as December 2012, this Honorable Court awarded Martínez-Luciano a rate of

---

[6] This includes many hours at the courtroom trying cases (to the bench and before a jury), as well as in evidentiary hearings on extraordinary writs.

$215.00/hour and Rodríguez-Escudero $150.00/hour for out-of-court work[7]. See Docket Number 76 in Civil Case No. 11-1496 (GAG). Almost eight years later, the undersigned attorneys respectfully posit that, with the additional experience under their belts, the aforementioned rates should be increased to **$245.00/hour** and **$200.00/hour**[8] respectively, which is a very conservative estimate, consistent with awards issued well over a decade ago.

We now apply these rates to the work performed in the instant case.

C) TIME REASONABLY EXPENDED

The time expended in the successful prosecution of this case is as follows:

| Date | Work Performed | Attorney[9] | Time Expended (in hours) | Cost |
|------|----------------|-------------|--------------------------|------|
| 09/10/24 | Initial meeting with plaintiff, his father, David Méndez-Calderón an attorney Enrique Santiago to discuss police intervention and the possible fling of a lawsuit in federal court. Review of several video recordings and television comment regarding the challenged police intervention. Request for additional information such as police reports, medical records and the names of potential witnesses. | ERE | 4 | $800.00 |
| 12/27/24 | Extensive meeting with attorneys Santiago and Rodríguez-Escudero to review documents to determine viability of federal suit vis-à-vis a state court action or of parallel litigation before both *fora*. | JML | 3.5 | $857.50 |
| 12/27/24 | Extensive meeting with attorneys Santiago and Martínez-Luciano to review documents to determine viability of federal | ERE | 3.5 | $700.00 |

[7] While there was an in-court evidentiary proceeding in this case, we have chosen not to claim a higher rate for said work, as the truth as defendant's default eliminated the difficulty of dealing with an opposing counsel's evidentiary objections.

[8] This is the rate that this Honorable Court recently awarded to Mr. José Carlos Vélez-Colón, Esq., an attorney with significantly less experience and with a practice generally limited to claims under the Americans with Disabilities Act. See Hernández-Reyes v. Arcos Dorados P.R., LLC, 2025 U.S. Dist. LEXIS 89211, at * 6-10 (D.P.R. 2025) (Antongiorgi, J.).

[9] We use "JML" for work performed by Attorney Jorge Martínez-Luciano and "ERE" for work performed by Attorney Emil Rodríguez-Escudero.

| | | | | |
|---|---|---|---|---|
| | suit vis-à-vis a state court action or of parallel litigation before both *fora*. | | | |
| 01/02/25 | Drafting and filing of complaint and complimentary documents (proposed summons, civil cover sheet, etc.). | ERE | 4.5 | $900.00 |
| 01/03/25 | Review of notice of judge assignment and of issued summons. Investigation as to defendant's current whereabouts (i.e., residence/deployment location) in order to properly instruct the private process server. | ERE | 1.25 | $250.00 |
| 03/05/25 | Receipt of executed summons from the private process server (with short description of how service was achieved) and electronic filing of the same with the Court. | ERE | 0.25 | $50.00 |
| 03/27/25 | Drafting and filing of motion to request both the entry of default and the setting of a default hearing. | JML | 1.25 | $306.25 |
| 03/31/25 | Review of order entering default against the defendant and finding it premature to hold an evidentiary hearing. | JML | 0.1 | $24.50 |
| 07/18/25 | Review and analysis of order to show cause why the action should not be dismissed for want of prosecution. | JML | 0.1 | $24.50 |
| 07/23/25 | Drafting and filing of motion in compliance with order and reiterated request for a hearing on damages. | JML | 1.25 | $306.25 |
| 07/30/25 | Review of order setting damages hearing for August 12, 2025. | JML | 0.1 | $24.50 |
| 08/06/25 | Extensive meeting with plaintiff, his father and attorney Rodríguez-Escudero to: 1) review available documentary evidence and decide which documents to introduce at the hearing; 2) discuss the scope of the testimony for both witnesses; and 3) explain the expected order and tenor of the upcoming proceedings. | JML | 4 | $980.00 |
| 08/06/25 | Extensive meeting with plaintiff, his father and attorney Martínez-Luciano to: 1) review available documentary evidence and decide which documents to introduce at the hearing; 2) discuss the scope of the testimony for both witnesses; and 3) explain the expected order and tenor of the upcoming proceedings. | ERE | 4 | $800.00 |

| Date | Description | | Hours | Amount |
|------|-------------|---|-------|--------|
| 08/07/25 | Drafting and filing of motion to announce the evidence to be presented at trial. | ERE | 1.25 | $250.00 |
| 08/12/25 | Appearance at damages hearing. | ERE | 1.5 | $300.00 |
| 08/12/25 | Appearance at damages hearing. | JML | 1.5 | $367.50 |
| 08/22/25 | Review of certified translations of certain pieces of admitted documentary evidence. Drafting and filing of a motion to submit such documents before the Court. | ERE | 1.25 | $250.00 |
| 08/25/25 | Review of order noting the submission of translations. | ERE | 0.1 | $20.00 |
| 10/27/25 | Review of docket entry noting public availability of transcript on the damages hearing. | ERE | 0.1 | $20.00 |
| 12/19/25 | Review of analysis of Opinion & Order and default judgment entered on plaintiff's favor. Disclosure of the Court's decision to client. | JML | 1 | $245.00 |
| 12/23/25 | Drafting of filing of motion to request an extension of time to file bill of costs and application for attorney's fees. | JML | 1.25 | $306.25 |
| 12/29/25 | Review of order granting extension of time. | ERE | 0.1 | $20.00 |
| 01/09/25 | Gathering of evidence of costs incurred. Drafting and filing of: 1) bill of costs (with separate memorandum of law and supporting exhibits); and 2) motion for an award of attorney's fees (with attachments). | JML | 4.5 | $1,102.50 |
| | | | Total | $8,904.75 |

## CERTIFICATION STATEMENT

Under pains and penalty of perjury (28 U.S.C. § 1746) and as officers of this Honorable Court, the undersigned attorneys respectfully posit that the sum of $8,904.75 for the work performed in this case is reasonable both in terms of the hourly rates claimed and the time billed for such tasks. As a matter of fact, our time sheet excludes miscellaneous work that is billable under § 1988, such as telephone conversations with the plaintiff in dates in which there were no filings made with the Court or any major rulings issued, as we are not including any work that was not charged to our client.

10

**WHEREFORE** it is very respectfully requested from this Honorable Court that plaintiffs be awarded attorney's fees as per the above stated.

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record, to their registered e-mail addresses.  Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 9th day of January, 2026.

RESPECTFULLY SUBMITTED,

**M.L. & R.E. LAW FIRM**
Cobian's Plaza - Suite 404
1607 Juan Ponce de León Ave.
San Juan, Puerto Rico 00909
Tel (787) 999-2972
Fax (787) 751-2221

*S/Jorge Martínez Luciano*
**JORGE MARTÍNEZ LUCIANO**
USDC-PR Number 216312
e-mail: jorge@mlrelaw.com

*S/Emil Rodríguez Escudero*
**EMIL RODRÍGUEZ ESCUDERO**
USDC-PR Number 224312
e-mail: emil@mlrelaw.com